———FILED ———ENTERED
———LODGED———RECEIVED

APR 0 5 2004  MR

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Lieutenant Commander CHARLES SWIFT, a resident of the State of Washington, as next friend for SALIM AHMED HAMDAN,
     Military Commission Detainee,
     Camp Echo,
     Guantanamo Bay Naval Base,
     Guantanamo Bay, Cuba,

                    Petitioner,

          v.

DONALD H. RUMSFELD, United States Secretary of Defense; JOHN D. ALTENBURG, Jr., Appointing Authority for Military Commissions, Department of Defense; Brigadier General THOMAS L. HEMINGWAY, Legal Advisor to the Appointing Authority for Military Commissions; Brigadier General JAY HOOD, Commander Joint Task Force, Guantanamo, Camp Echo, Guantanamo Bay, Cuba; GEORGE W. BUSH, President of the United States,

                    Respondents.

CV04 - 0777 L

NO. _____

PETITION FOR WRIT OF
MANDAMUS PURSUANT TO 28 U.S.C.
§ 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS

04-CV-00777-PET

408682

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

# CONTENTS

I.      JURISDICTION.................................................................................... 6

II.     VENUE.............................................................................................. 7

III.    PARTIES ............................................................................................ 8

IV.     STATEMENT OF FACTS .................................................................... 9

V.      EXHAUSTION OF REMEDIES ........................................................... 15

VI.     CLAIMS FOR RELIEF........................................................................ 16

COUNT ONE  DENIAL OF A SPEEDY TRIAL IN VIOLATION OF ARTICLE 10
          OF THE UNIFORM CODE OF MILITARY JUSTICE............................ 16

COUNT TWO  VIOLATION OF ARTICLE 103 OF THE THIRD GENEVA
          CONVENTION AND UNITED STATES GOVERNMENT
          REGULATIONS................................................................................ 17

COUNT THREE  VIOLATION OF COMMON ARTICLE 3 OF THE GENEVA
          CONVENTIONS ............................................................................... 18

COUNT FOUR  CONSTITUTIONAL VIOLATION: ESTABLISHMENT OF
          MILITARY COMMISSIONS IN VIOLATION OF SEPARATION OF
          POWERS ........................................................................................ 19

COUNT FIVE  CONSTITUTIONAL VIOLATION:  TRIAL BEFORE MILITARY
          COMMISSIONS IN VIOLATION OF EQUAL PROTECTION ............................ 21

COUNT SIX  DETENTION IN VIOLATION OF 42 U.S.C. § 1981 ................................. 22

COUNT SEVEN  CONSTITUTIONAL AND STATUTORY VIOLATION:
          INVESTING MILITARY COMMISSIONS WITH SUBJECT-MATTER
          JURISDICTION CONTRARY TO THE RECOGNIZED LAWS OF WAR............ 23

COUNT EIGHT  THE APPOINTING AUTHORITY, AND ANY MILITARY
          COMMISSION THAT MAY BE ESTABLISHED, LACKS PERSONAL
          JURISDICTION OVER MR. HAMDAN ................................................. 24

PRAYER FOR RELIEF........................................................................................ 25

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

# TABLE OF AUTHORITIES

## Cases

*Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973) ..................................... 8

*Calderon v. U.S. Dist. Court for Northern Dist. of Cal.*, 134 F.3d 981 (9th Cir. 1998) ........................................................................................................... 5

*Dred Scott v. Sandford*, 60 U.S. (19 How.) 393, 449 (1856) ............................... 21

*Ex Parte Milligan*, 71 U.S. 2 (1866) ..................................................................... 5

*Gherebi v. Bush*, 352 F.3d 1278 (9th Cir. 2003) ................................................... 8

*In re Grimley*, 137 U.S. 147 (1890) ...................................................................... 5

*Padilla ex rel. Newman v. Bush*, 233 F. Supp. 2d 564 (S.D.N.Y. 2002), *rev'd in part, Padilla v. Rumsfeld*, 352 F.3d 695 (2003), *cert. granted*, 124 S. Ct. 1353 (U.S. Feb. 20, 2004) ..................................................................................... 8

*Reid v. Covert*, 354 U.S. 1, 21 (1957) ................................................................. 23

*Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952) .......................... 20

## Statutes

5 U.S.C. § 702 ........................................................................................................ 6

10 U.S.C. § 810 .................................................................................................... 16

10 U.S.C. § 836 .................................................................................................... 16

18 U.S.C. § 1 ........................................................................................................ 10

28 U.S.C. § 1331 ............................................................................................... 6, 7

28 U.S.C. § 1361 ............................................................................................... 1, 6

28 U.S.C. § 1391 ............................................................................................... 6, 7

28 U.S.C. § 1651 .................................................................................................... 6

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - iii
[43439-0001/SL040950.008]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

28 U.S.C. § 2241 ...........................................................................................6, 8

28 U.S.C. § 2242 ...........................................................................................6

42 U.S.C. § 1981 ...........................................................................................6, 22

6 U.S.T. 3316...............................................................................................17

6 U.S.T. 3394...............................................................................................17

75 U.N.T.S. 135............................................................................................17

**Other Authorities**

Alberto R. Gonzales, Editorial, *Martial Justice, Full and Fair*, N.Y. Times,
   Nov. 30, 2001 .........................................................................................6

Army Regulation 190-8, Enemy Prisoners of War, Retained Personnel,
   Civilian Internees and Other Detainees (1997) .............................................18

Department of the Navy, NWP 1-14M: The Commander's Handbook on the
   Law of Naval Operations 11.7 (1995) .........................................................18

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS  - iv
[43439-0001/SL040950.008]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

## PETITION FOR WRIT OF MANDAMUS
## PURSUANT TO 28 U.S.C § 1361 OR, IN THE ALTERNATIVE,
## WRIT OF HABEAS CORPUS

COMES NOW, Petitioner Charles Swift, Lieutenant Commander, Judge Advocate

Generals Corps, United States Navy, by and through the undersigned counsel and, acting as

"next friend" to and on behalf of Salim Ahmad Hamdan, files this Petition for Writ of

Mandamus pursuant to 28 U.S.C § 1361 or, in the alternative, for a Writ of Habeas Corpus.

Salim Ahmad Hamdan ("Mr. Hamdan") is one of six persons identified for trial by Military

Commission.  He is currently being held incommunicado in pre-trial custody by United

States Military Authorities, including Respondents herein, at Naval Base Guantanamo Bay

("Guantanamo").  The incarceration of Mr. Hamdan under these circumstances violates the

U.S. Constitution, U.S. law, and U.S. treaty obligations.

On November 13, 2001, President George W. Bush ("Respondent President Bush")

issued a Military Order that authorized the use of military tribunals to try noncitizens

accused of terrorism and other war crimes.  *See* President George W. Bush's Military Order,

Nov. 13, 2001, attached as Exhibit B to the Declaration of Lieutenant Commander Charles

Swift ("Swift Decl."), filed herewith.  In that same month, Afghan paramilitary forces

captured Mr. Hamdan while he was attempting to flee with his wife and child from the

ongoing military conflict in Afghanistan.  Subsequently Mr. Hamdan was turned over to

United States forces and eventually transferred to Guantanamo.  On July 3, 2003,

Respondent President Bush found that there was "reason to believe" that Mr. Hamdan was

eligible for trial by military commission pursuant to his Military Order of November 13, 2001. *See* Press Briefing of Senior Department of Defense ("DOD") Official and Senior Military Officer, July 3, 2004, attached as Exhibit A to the Swift Decl.

In early December 2003, in preparation for trial by military commission, Mr. Hamdan was placed in Camp Echo, "*our facility where we hold the pre-commission detainees.*" Press Briefing of Army Major General Geoffrey D. Miller, Feb. 13, 2004, at 30, attached as Exhibit C to the Swift Decl. (emphasis added). Conditions in Camp Echo are tantamount to solitary confinement, in that Mr. Hamdan is held in isolation from all other prisoners and permitted no visitors except Lieutenant Commander Swift. Yet as of the date of this Petition, DOD still has not set a trial date or even advised Mr. Hamdan regarding the nature of the charges on which he is to be tried.

Lieutenant Commander Swift is under orders to serve as Defense Counsel within the Office of Military Commissions in the Office of the General Counsel of the United States Department of Defense, as established pursuant to the Military Order. *See* Official Change of Duty Orders for Lieutenant Commander Swift, Sept. 2003, attached as Exhibit F to the Swift Decl. On December 18, 2003, Lieutenant Commander Swift was assigned to serve as Mr. Hamdan's appointed military defense counsel and he continues to serve in that capacity as of the date of this Petition. Lieutenant Commander Swift is under legal and military obligation to zealously represent Mr. Hamdan's interests and as such is a proper "next friend" for the purpose of this Petition. Lieutenant Commander Swift is legally domiciled in the Western District of Washington State and is entitled to seek relief in this Court.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 2
[43439-0001/SL040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

On January 30, 2004, Mr. Hamdan first met with his detailed defense counsel, Lieutenant Commander Swift. On February 12, 2004, Lieutenant Commander Swift submitted on behalf of Mr. Hamdan, under Article 10 of the *Uniform Code of Military Justice* ("UCMJ"), a demand for charges and a speedy trial. *See* Memorandum for the Appointing Authority, Feb. 12, 2004, attached as Exhibit D to the Swift Decl. On February 23, 2004, the appointing authority responded by summarily denying Mr. Hamdan's right to a speedy trial. *See* Appointing Authority Opinion Letter, Feb. 23, 2004, attached as Exhibit E to the Swift Decl.

Denial of a speedy trial in Mr. Hamdan's case and his consequential prolonged detention in solitary confinement risks long-term psychological injury to Mr. Hamdan, and threatens to impair materially his ability to assist in the preparation of his own defense should charges ever be brought.

Lieutenant Commander Swift, as next friend to Mr. Hamdan, seeks a Writ of Mandamus or, in the alternative, a Writ of Habeas Corpus ordering Mr. Hamdan's release from pre-commission segregation and prohibiting further prosecution of his case before military commission for Respondent's failure to provide him a speedy trial as required by the UCMJ, military regulations including the Military Order, and the Geneva Conventions of 1949.

Furthermore, on behalf of Mr. Hamdan, Lieutenant Commander Swift seeks a Writ of Mandamus or a Writ of Habeas Corpus that prohibits the Respondents from using a military commission to try Mr. Hamdan, and that prohibits the indefinite detention of

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 3
[43439-0001/SL040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Mr. Hamdan for an unscheduled trial before such a commission, when such a commission will be held far beyond the theater of military operations and at a time when Congress has not declared war. Absent relief from this Court, such a commission would act without the necessary congressional approval, and would exist pursuant to a unilateral executive order that purports to suspend the right of the accused to seek habeas review before Article III courts. Indeed, it would also disregard fundamental precepts of equal protection by making only noncitizens subject to these military commissions. A military commission so constituted is an unprecedented, unconstitutional, and dangerously unchecked expansion of executive authority. As such, the President's unilateral Military Order violates separation of powers and equal protection principles of the U.S. Constitution, and constitutes an illegal suspension of the writ of habeas corpus in violation of the suspension clause, U.S. Const. Art. I § 9, cl. 2, and therefore is an illegal and invalid basis for Mr. Hamdan's continued pre-commission segregation.

As part of these alternative grounds of relief, therefore, Lieutenant Commander Swift also challenges the attempt by Respondent President Bush to oust Article III courts of habeas corpus jurisdiction over prosecutions of individuals apprehended in the course of conducting military operations that occur within territories or leased properties of the United States, solely by labeling such persons as "enemy combatants" under the terms of the Military Order. Particularly because the duration of the war on terrorism is potentially never-ending, and where Respondents have incarcerated Mr. Hamdan without advising him of his status or even the charges on which he presumably will be tried at a place and time

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 4
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

undisclosed, it is essential that the U.S. Constitution protect the accused against otherwise

open-ended and unrestrained executive power, by assuring that an Article III court is

permitted to exercise its time-honored civilian review of the military justice system that the

United States Supreme Court has recognized to be essential since *In re Grimley*, 137 U.S.

147 (1890), and *Ex Parte Milligan*, 71 U.S. 2 (1866).[1]

Lieutenant Commander Swift also seeks, on behalf of Mr. Hamdan, a Writ of

Mandamus or a Writ of Habeas Corpus to prohibit the use of a military commission to

detain or prosecute Mr. Hamdan because he is not within the jurisdiction of a military

commission. Mr. Hamdan does not meet the criteria set out in the Military Order for

identifying specific individuals who are subject to its terms. Such individuals include

members of an organization recognized as a "terrorist" organization by the United States,

combatants actively engaged in acts of war or violence against the United States, and those

people who have participated in plans to kill or injure American citizens or to damage

American property. Mr. Hamdan is not a member of a terrorist organization, he was not a

combatant in Afghanistan at the time of his apprehension, he never has taken up arms

---

[1] Though this action may be understood as one seeking a writ of prohibition barring the trial of Petitioner by military commission, as opposed to a writ of mandamus compelling a federal officer to perform a nondiscretionary duty, the distinction between the two is of no moment. *See Calderon v. U.S. Dist. Court for Northern Dist. of Cal.*, 134 F.3d 981, 983 n.3 (9th Cir. 1998) ("The writ of prohibition is the 'fraternal twin' of its more familiar sibling, the writ of mandamus. . . . [and t]he two are evaluated under an identical standard." (citations omitted)). Because nearly all of the relevant precedents speak in terms of mandamus, this petition follows the more traditional nomenclature.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 5
[43439-0001/SL040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

against the United States, and he never has participated in any plan to kill or injure Americans or to damage American property.

## I.    JURISDICTION

1.    This action arises under the Constitution, laws, and treaties of the United States, including Articles I, II, III, and VI, and Amendments 5 and 14 of the U.S. Constitution, 28 U.S.C. §§ 1361, 1391, 2241 and 2242, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651, 42 U.S.C. § 1981, and the Geneva Conventions.

2.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1361 and 1391, as well as 28 U.S.C. § 1331, and may grant relief pursuant to those statutes as well as 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651. Indeed, three of the five independent grounds for habeas jurisdiction in 28 U.S.C. § 2241(c) are met in this case, subsections (1), (3), and (4). Counsel for Respondent President Bush has observed that such judicial review is available. *See* Alberto R. Gonzales, Editorial, *Martial Justice, Full and Fair*, N.Y. Times, Nov. 30, 2001, at A27 (stating that the Military Order "preserves judicial review in civilian courts" because it permits those arrested "by a military commission . . . to challenge the lawfulness of the commission's jurisdiction through a habeas corpus action in a federal court"). Furthermore, Paragraph (a)12 of Article 2 of the UCMJ, 10 U.S.C. § 802(a)(12), grants jurisdiction over a petition for judicial review filed by or on behalf of parties incarcerated at Guantanamo.

3.    This Court has *personal* jurisdiction over the parties. Lieutenant Commander Swift is a legal resident of the Western District of Washington. Respondents have substantial contacts with the State of Washington and its residents, and are officers or employees of the United States, or an agency thereof, acting in their official capacity or

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 6
[43439-0001/SL040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax:  (206) 359-9000

under color of legal authority throughout the United States, including the Western District of Washington.

## II.   VENUE

4.     Venue is proper in the Western District of Washington for this mandamus action pursuant to 28 U.S.C. § 1391(e) as Lieutenant Commander Swift is a legal resident of the Western District, and Respondents are officers or employees of the United States, or an agency thereof, acting in their official capacity or under color of legal authority throughout the United States, including the Western District of Washington.  Lieutenant Commander Swift, as next friend and representative of Mr. Hamdan's interests, is the appropriate person to choose a forum in this case as Mr. Hamdan is without the ability to initiate proceedings on his own behalf.  Additionally, the Western District is also an appropriate venue to consider a Writ of Habeas Corpus under 28 U.S.C. §§ 1331 and 2241.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493-500 (1973); *Gherebi v. Bush*, 352 F.3d 1278, 1304-05 (9th Cir. 2003); *Padilla ex rel. Newman v. Bush*, 233 F. Supp. 2d 564, 587 (S.D.N.Y. 2002), *rev'd in part, Padilla v. Rumsfeld*, 352 F.3d 695 (2003), *cert. granted*, 124 S. Ct. 1353 (U.S. Feb. 20, 2004).

## III.   PARTIES

5.     Petitioner Lieutenant Commander Swift is a resident of the Western District of Washington, having resided in the Western District immediately prior to going on active duty as a member of the United States Military.  He continues to maintain his voter registration address in the Western District of Washington State, and has done so since 1990.

6.     Mr. Hamdan is a native and citizen of Yemen.  He was first taken into United States Military custody in November 2001 and has remained in the custody of the United

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 7
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

States Government continuously since that date. Mr. Hamdan has no known family members within the United States or its territories.

7.     Respondent Brigadier General Jay Hood is the Commander of Joint Task Force Guantanamo and is responsible for all matters concerning persons detained as enemy combatants in Guantanamo. General Hood's predecessor, Brigadier General Jeffrey Miller, ordered the placement of Mr. Hamdan in pre-trial segregation in Camp Echo where Mr. Hamdan currently is confined.

8.     Respondent Donald H. Rumsfeld is the Secretary of Defense of the United States, serving at the pleasure of Respondent President Bush, and is ultimately responsible for the administration of the United States Military, including the Office of Military Commissions. As such, Mr. Rumsfeld has full custodial authority over Mr. Hamdan's continued detention and his announced prosecution.

9.     Respondent John D. Altenburg, Jr., is the Appointing Authority for Military Commissions and exercises his authority over the entire military commission process, including over Mr. Hamdan and Lieutenant Commander Swift.

10.     Respondent Brigadier General Thomas L. Hemingway is the Legal Advisor to the Appointing Authority.

11.     Respondent George W. Bush is the President of the United States of America and Commander-in-Chief of the United States Military and the person who decreed the Military Order pursuant to which all Respondents have acted.

## IV.     STATEMENT OF FACTS

12.     In the wake of the terrorist acts of September 11, 2001, the United States, at the direction of Respondent President Bush, initiated a military campaign against the Taliban, the organization then in governing power in Afghanistan. On September 18, 2001,

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS  - 8
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

Congress passed a "Use-of-Force" Resolution that authorized Respondent President Bush to use force against "nations, organizations, or persons" that "planned, authorized, committed, or aided the terrorist attacks on September 11, 2001, or [that] harbored such organizations or persons." Joint Resolution 23, Authorization for Use of Military Force, Pub. L. No. 107-40, 115 Stat. 224 (2001) ("Use-of-Force Resolution").

13.   In the course of the ensuing military campaign in Afghanistan that was conducted under the Use-of-Force Resolution, and as part of its effort to overthrow the Taliban, the United States provided military assistance to the Northern Alliance, a loosely knit coalition of Afghani and other military groups opposed to the Taliban government.

14.   In October or November 2001, while working as a civilian driver in Afghanistan, Mr. Hamdan was seized by soldiers loyal to the former king of Afghanistan, Zahir Shah. Those soldiers were searching for Arabs to sell to American forces then engaged in military action against the Taliban. *See* Affidavit of Salim Ahmed Hamdan at 10, attached as Exhibit B to the Declaration of Charles P. Schmitz, Ph.D., filed herewith.[2] Mr. Hamdan was delivered by the Afghani soldiers to the American forces.

15.   Prior to his capture, Mr. Hamdan had been living and working in Afghanistan since 1996 or 1997. He initially had traveled to Afghanistan from his native Yemen in 1996

---

[2] Both the original Arabic Hamdan Affidavit and its English translation are being filed under seal in a manner consistent with the Classified Information Procedures Act, 18 U.S.C. app. 3 § 1 *et seq.* ("CIPA"). Lieutenant Commander Swift adopts this procedure and hereby provides notice pursuant to CIPA § 5 in an abundance of caution. However, he does not believe that any of the information contained in this Petition, its attachments, or the supporting memorandum of law, contains any classified or protected material. In Lieutenant Commander Swift's view, any contention by Respondents that the material is protected would be without merit, as the Appointing Authority of DOD has given his permission to disclose publicly all facts alleged herein, and many other facts alleged herein have been publicly disclosed by Respondents themselves. *See, e.g.*, Press Briefing of Senior DOD Official and Senior Military Officer, Ex. A to the Swift Decl.; Press Briefing of Army Major General Geoffrey D. Miller, Ex. C to the Swift Decl.; Press Interviews attached as Exhibit G to the Swift Decl.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS  - 9
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

with the intention of entering Tajikistan, but his efforts to do so were unsuccessful. Mr. Hamdan subsequently accepted a job in Afghanistan as a driver on a farm owned by an individual he came to know as Osama Bin Laden. The job entailed driving Afghani workers back and forth between a local village and the farm. After several months working in that capacity, Mr. Hamdan occasionally was asked to drive Osama Bin Laden to various locations as part of his employment. *See id.* at 9.

16.     During the period that he was employed by Osama Bin Laden as a civilian driver, Mr. Hamdan returned to Yemen twice for entirely personal reasons unrelated to his employment. The first occasion was in 1998 to be married, and the second occasion was in 2000 to attend the wedding of his brother-in-law and to participate in the Hajj, the annual pilgrimage to Mecca, which is a sacred holy event for persons of the Muslim faith such as Mr. Hamdan. In February of 2001, Mr. Hamdan returned to Afghanistan with his wife and daughter to continue working as a civilian driver. He was still working as a driver in October 2001 when American military action against the Taliban began. *See id.*

17.     When Mr. Hamdan learned that Northern Alliance forces were attacking Kandahar, where his wife and two-year-old daughter then were residing, he borrowed a car for the purpose of evacuating them to Pakistan, with the intention of eventually returning with them to Yemen. Mr. Hamdan was able to drive his wife and daughter to Pakistan. Mr. Hamdan then drove back to Afghanistan to return the car to its owner and to sell his personal belongings in order to finance his family's return to Yemen. It was on this return trip to Afghanistan that Mr. Hamdan was seized by Afghan paramilitary forces and subsequently delivered into the custody of United States Military forces. *See id.* at 9-10.

18.     Since his capture in Afghanistan and his surrender to the United States, Mr. Hamdan continuously has been in the physical custody of the United States Military.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 10
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

He has been detained by Respondents now for more than two years. He currently is being detained unlawfully in pre-commission segregation at Camp Echo, a separate confinement facility apart from the Camp Delta detention center located in Guantanamo. Mr. Hamdan is under the direct control of Respondents and their agents.

19.    Mr. Hamdan is not, and never has been, an enemy alien or unlawful combatant of the United States. He never has been a member of Al Qaida or any other organization recognized as a terrorist group by the United States. He never has taken up arms against the United States, or knowingly participated in any way in any plan to kill or injure Americans, or to damage American property, and he has not knowingly assisted anyone in such efforts. Furthermore, Mr. Hamdan did not plan, authorize, commit, or aid in the terrorist attacks against the United States that occurred on September 11, 2001, and he has not "harbored" anyone who had done so. *See id.* at 12.

20.    Nevertheless, acting under the Military Order, in July 2003, approximately 20 months after Mr. Hamdan's apprehension or arrest, Respondent President Bush decreed Mr. Hamdan one of six "enemy combatants" eligible to be tried before a military commission. *See* Military Order, Ex. B to the Swift Decl.; Press Briefing of Senior DOD Official and Senior Military Officer, Ex. A to the Swift Decl.; Press Briefing of Army Major General Geoffrey D. Miller, Ex. C to the Swift Decl.; Press Interviews, Ex. G to the Swift Decl. Pursuant to Respondent President Bush's unilateral determination, Mr. Hamdan was placed in pre-commission segregation in early December 2003. Pre-commission segregation entailed placing Mr. Hamdan in solitary confinement and restricting his access to sunlight as well as limiting his physical activity and exercise. *See* Press Briefing of Army Major General Geoffrey D. Miller, Ex. C to the Swift Decl.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS  - 11
[43439-0001/SL040950.008]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

21.     On December 18, 2003, the Chief Defense Counsel for Military Commissions detailed Lieutenant Commander Swift to serve as Mr. Hamdan's appointed military defense counsel. *See* Appointment Letter, Dec. 18, 2003, attached as Exhibit H to the Swift Decl. Prior to that date, Mr. Hamdan was unrepresented by counsel and had no access to legal representation.

22.     Lieutenant Commander Swift met with Mr. Hamdan at Guantanamo for the first time during the last weekend of January 2004. He subsequently met with Mr. Hamdan during the first and last weekends of February 2004 and during the third weekend of March 2004. During these meetings, Mr. Hamdan authorized Lieutenant Commander Swift, in writing, to serve as next friend for the purposes of bringing this Petition. *See* Next Friend Authorization attached as Exhibit I to the Swift Decl.

23.     On February 12, 2004, Lieutenant Commander Swift, acting on behalf of Mr. Hamdan, informed the Appointing Authority via the assigned Prosecutor that, pursuant to the UCMJ, Mr. Hamdan "demands to be informed of the specific charges against him or to be released from pre-commission segregation into general detention." Memorandum for the Appointing Authority at 33, Ex. D to the Swift Decl.

24.     On February 23, 2004, the Legal Advisor to the Appointing Authority responded to Lieutenant Commander Swift's Memorandum with an Opinion Letter that asserted that the UCMJ does not apply to Mr. Hamdan's detention. This assertion was not supported by any legal argument or any citation to authority. *See* Appointing Authority Opinion Letter, Ex. E to the Swift Decl. For all practical purposes, Mr. Hamdan's demand that charges be brought, that he be informed of such charges, and that trial on such charges occur were ignored as if Mr. Hamdan had no rights at all.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

25.     The logical result of Respondents' conduct to date with regard to Mr. Hamdan is he could serve a potential life sentence without ever being charged with a crime and without being afforded a chance to prove his innocence.  Absent relief from this Court, Mr. Hamdan may remain in custody without charges being filed or trial being afforded for the indefinite future, without any recourse to judicial review or any other check or balance on the power of the Executive Branch to keep Mr. Hamdan incarcerated under conditions of its unilateral choosing.  The status quo also threatens to coerce unlawfully an admission of wrongdoing from Mr. Hamdan.  Indeed, Respondents have informed Mr. Hamdan that he shall remain in custody until such time as he wishes to plead guilty to some unspecified crime against the United States in a manner satisfactory to Respondents, and that his appointed defense counsel is not authorized to mount any legal defense to either his detention or the circumstances of his incarceration, but rather is available only to assist Mr. Hamdan in pleading guilty to some unspecified offense.  The treatment of Mr. Hamdan to date and the potential for further abuse strike at the heart of the Constitution's Founders' fears about trial delay – a fear recognized in more modern times by the drafters of the UCMJ.

26.     Mr. Hamdan's transfer into pre-commission segregation at Camp Echo sets him apart from the approximately 600 individuals who have been detained at Camp Delta, Guantanamo, in that Mr. Hamdan is being detained for trial.

27.     Mr. Hamdan's current conditions of confinement place him at significant risk for future psychiatric deterioration, possibly including the development of irreversible psychiatric difficulties.  *See* Declaration of Dr. Daryl Matthews ("Matthews Decl."), filed herewith, at 4, ¶ 14.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS  - 13
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

28.     Mr. Hamdan's current conditions of confinement in conjunction with the restrictions imposed on his legal representation by DOD make him particularly susceptible to mental coercion and false confession in conjunction with his trial before a potential military commission. *See id.*; Target Letter, Dec. 15, 2003, at ¶ 3 attached as Exhibit J to the Swift Decl.[3]

29.     Mr. Hamdan's current conditions of confinement also may cause mental deterioration to the point of significant impairment of his ability to assess his legal situation and to assist in his own defense. *See* Matthews Decl. at 4, ¶ 15.

30.     Mr. Hamdan's array of pre-isolation stressors place him at particularly high risk, as does the psychological stress of the uncertainty he faces due to the lack of charges against him and the nature and duration of his future confinement. *See id.*

## V.     EXHAUSTION OF REMEDIES

31.     Lieutenant Commander Swift, acting on behalf of Mr. Hamdan, communicated his legal challenge to the pre-commission detention of Mr. Hamdan to the Appointing Authority, but was rebuked without recitation to any legal reasoning or legal citation. *See* Appointing Authority Opinion Letter, Ex. E to the Swift Decl. (denying speedy trial claim and applicability of UCMJ). There is no military commission in existence today in which a legal challenge may be raised, and until charges are brought against Mr. Hamdan, no military commission will exist in which he can seek relief. Accordingly, Lieutenant Commander Swift has exhausted any remedies that would be an alternative to this Petition. Because the injury to Mr. Hamdan arises from the Executive Branch's unlawful assertion of

---

[3] In an abundance of caution, Petitioner also has filed the Target Letter under seal pursuant to CIPA § 5.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 14
[43439-0001/SI.040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

authority, and because he is not being held in a state but rather within a territory or leased

property of the United States, only the federal courts can provide a remedy in this case.

## VI.   CLAIMS FOR RELIEF

## COUNT ONE

## DENIAL OF A SPEEDY TRIAL IN VIOLATION OF ARTICLE 10 OF THE UNIFORM CODE OF MILITARY JUSTICE

32.   Lieutenant Commander Swift re-alleges and incorporates by reference

paragraphs 1 though 31 above.

33.   The Military Order pursuant to which Mr. Hamdan has been detained for trial

purports to be based, in part, on congressional authorization embodied in selected provisions

of the UCMJ.  In promulgating the Military Order, Respondent President Bush relied, in

part, on his authority under 10 U.S.C. § 836, which allows the Executive Branch to prescribe

rules for military commissions, so long as they are not inconsistent with the UCMJ.  *See*

Military Order at 15, Ex. B to the Swift Decl.  However, Article 10 of the UCMJ, 10 U.S.C.

§ 810, provides that any arrest or confinement of an accused must be terminated unless

charges promptly are brought and made known to the accused, and speedy trial afforded for

a determination of guilt on such charges:

> When any person subject to this chapter is placed in arrest or
> confinement prior to trial, immediate steps shall be taken to inform
> him of the specific wrong of which he is accused and to try him or
> dismiss the charges and release him.

10 U.S.C. § 810.

34.   Mr. Hamdan is a person subject to the UCMJ by virtue of Respondent

President Bush's Military Order, as well as by virtue of Article 2 of the UCMJ, 10 U.S.C.

§ 802(a)(12), which provides that "persons within an area leased by or otherwise reserved or

acquired for the use of the United States" and under the control of any of the various branches of the military are subject to the UCMJ.

35.     Courts have recognized that delays of the type imposed on Mr. Hamdan are intolerable in the absence of extraordinary or compelling circumstances, and Respondents have provided no reason whatsoever for their indefinite delay in charging Mr. Hamdan. Because Respondents did not take "immediate steps . . . to inform" Mr. Hamdan "of the specific wrong of which he is accused," they now have a clear and nondiscretionary duty under the UCMJ to "release him" from his pre-commission confinement.

## COUNT TWO

### VIOLATION OF ARTICLE 103 OF THE THIRD GENEVA CONVENTION AND UNITED STATES GOVERNMENT REGULATIONS

36.     Lieutenant Commander Swift re-alleges and incorporates by reference paragraphs 1 through 35 above.

37.     The lengthy pre-trial confinement of Mr. Hamdan violates Article 103 of the 1949 Geneva Convention, as well as United States Government regulations.  Article 103 of the Geneva Convention Relative to the Treatment of Prisoners of War, Aug. 12, 1949, 6 U.S.T. 3316, 3394, 75 U.N.T.S. 135, provides that

> [j]udicial investigations relating to a prisoner of war shall be conducted as rapidly as circumstances permit and so that his trial shall take place as soon as possible.  A prisoner of war shall not be confined while awaiting trial unless a member of the armed forces of the Detaining Power would be so confined if he were accused of a similar offence, or if it is essential to do so in the interests of national security.  *In no circumstances shall this confinement exceed three months.*

(Emphasis added.)  Additionally, Article 5 of the Geneva Convention states:

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 16
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

> [S]hould any doubt arise as to whether persons . . . belong to
> any of the categories [entitled to protection as a POW under the
> Convention], such persons shall enjoy the protection of the present
> Convention until such time as their status has been determined by a
> competent tribunal.

38.     Likewise, Army Regulation 190-8, Enemy Prisoners of War, Retained

Personnel, Civilian Internees and Other Detainees § 1-6(a) (1997), at 70, attached as Exhibit

K to the Swift Decl, requires that United States military forces abide by the provisions of

Article 5 of the Geneva Convention.  Finally, Department of the Navy, NWP 1-14M:  The

Commander's Handbook on the Law of Naval Operations 11.7 (1995), at 77, attached as

Exhibit L to the Swift Decl., states that "individuals captured as spies or as illegal

combatants have the right to assert their claim of entitlement to prisoner-of-war status before

a judicial tribunal and to have the question adjudicated."

39.     Again, defendants have a clear nondiscretionary duty to release Mr. Hamdan

under the Geneva Convention and under the United States Government's own regulations

because he has been detained in pre-commission segregation for more than three months.

## COUNT THREE

### VIOLATION OF COMMON ARTICLE 3 OF THE GENEVA CONVENTIONS

40.     Lieutenant Commander Swift re-alleges and incorporates by reference

paragraphs 1 through 39 above.

41.     Even the few individuals who lack Article 5 and Article 103 protections of

the Third Geneva Convention are entitled to the protection of Common Article 3 of that

treaty.  Common Article 3 prohibits the contracting parties from "the passing of sentences

. . . without previous judgment pronounced by a regularly constituted court, affording all the

judicial guarantees which are recognized as indispensable by civilized people."

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 17
[43439-0001/SL040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

42.     In this case, the lengthy pre-trial confinement of Mr. Hamdan without charge, and without process to contest his guilt, amounts to an arbitrary and illegally imposed sentence that is incompatible with fundamental guarantees of due process recognized by all civilized people.

## COUNT FOUR

### CONSTITUTIONAL VIOLATION:
### ESTABLISHMENT OF MILITARY COMMISSIONS IN VIOLATION
### OF SEPARATION OF POWERS

43.     Lieutenant Commander Swift re-alleges and incorporates by reference paragraphs 1 though 42 above.

44.     Mr. Hamdan's detention is unlawful because he is being detained to face charges before a military commission that is itself the product of unconstitutional Executive Branch action. Respondent President Bush's Military Order providing for the establishment of military commissions is ultra vires and void, because it is an unconstitutional exercise of legislative and judicial power by the Executive Branch. The Constitution vests "All legislative Powers" in Congress, and requires, at a bare minimum, that unlawful conduct be defined in advance, either by positive legislation, or by reference to a recognized body of international law.

45.     Article I of the Constitution grants Congress, not the Executive, the power "To define and punish . . . Offences against the Law of Nations" and "To constitute Tribunals inferior to the Supreme Court." Accordingly, absent circumstances so exigent as to demonstrably rule out resort to Congress, that lawmaking body and not the Chief Executive must be the authorizing agent of the military commissions and the body that defines the offenses for which an accused will be answerable before such commissions.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 18
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

Neither the Use-of-Force Resolution nor any other act of Congress grants to the Executive

Branch under the circumstances presented here the authority to establish military

commissions, or to define the offenses that will be subject to their exclusive jurisdiction.

46.     In addition to enabling the unlawful exercise of legislative powers, the

Military Order also purports to suspend the Writ of Habeas Corpus and to circumscribe the

jurisdiction of the federal courts in violation of Art. I § 9 and Art. III § 2 of the Constitution,

by denying to persons held subject to the Military Order any access, remedy, or proceeding

before "any court of the United States." Military Order at § 7, Ex. B to the Swift Decl.  To

allow the Chief Executive to proceed in this manner to dismantle the jurisdiction of the

federal courts, redesigning the very architecture of American justice, is to succumb to an

executive unilateralism decried by both our Founders and twentieth-century courts, and all

who came between. *See, e.g., Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579

(1952).  Respondents are under a clear and nondiscretionary duty to obey the Constitution

and its foundational command of the separation of powers.

## COUNT FIVE

### CONSTITUTIONAL VIOLATION:
### TRIAL BEFORE MILITARY COMMISSIONS IN VIOLATION OF
### EQUAL PROTECTION

47.     Lieutenant Commander Swift re-alleges and incorporates by reference

paragraphs 1 through 46 above.

48.     Mr. Hamdan is being detained under the authority of a Military Order that

violates Mr. Hamdan's right to equal protection of the laws of the United States.

Mr. Hamdan may only be held for trial by a military commission by dint of his

noncitizenship.  The Military Order, by its terms, applies only to noncitizens.  The Military

Order is, to the best of Petitioner's understanding, the first of its kind to make this citizen/alien distinction. It runs afoul of the very purpose of the Equal Protection Clause of the United States Constitution. The Framers of the Clause understood that discrimination against aliens was pervasive and problematic and therefore intentionally extended the reach of the Clause to "persons" rather than confining it to "citizens." Foremost in their minds was the language of *Dred Scott v. Sandford*, 60 U.S. (19 How.) 393, 449 (1856), which had been utilized to limit due process guarantees by framing them as nothing more than the "privileges of the citizen."

49.     The Military Order reverts back to an antebellum concept of fundamental rights, one in which aliens are singled out for lesser forms of justice than other citizens. While the government is given considerable latitude in areas such as immigration, under the Constitution there is little or no room for government by approximation when it puts people on one side or the other of a crude line that differentiates between individuals who are given access to the fundamental protections of civilian justice (including indictment, a jury trial presided over by a judge not answerable to the prosecutor, and access to an appeal before a commission independent of the prosecuting authority) and those afforded only a distinctly less protective and inferior brand of adjudication.[4] If the Executive Branch ever may take such a step—shunting aliens into a procedure from which all U.S. citizens are spared—he may do so only upon a convincing showing of necessity that matches the claim of threat to the fact of alienage. This singling out of aliens for such fundamental disfavor might be

---

[4] The Military Commission rules thus violate notions of procedural due process and Article III protections, not simply in the ways indicated above, but also in matters such as access to exculpatory evidence and the right to confront witnesses. Were a trial of Mr. Hamdan ever to take place before a military commission, Petitioner expects that those matters would become the subject of collateral attack.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 20
[43439-0001/SL040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

justified in rare circumstances, but it is hard to imagine—and, absent explicit congressional action, impossible to assume that such circumstances are present today.

## COUNT SIX

### DETENTION IN VIOLATION OF 42 U.S.C. § 1981

50.     Lieutenant Commander Swift re-alleges and incorporates by reference paragraphs 1 through 49 above.

51.     Mr. Hamdan is being detained under the authority of the Military Order which contravenes 42 U.S.C. § 1981.  That fundamental statutory provision guarantees equal rights for all persons to give evidence, to receive equal benefit of all laws and proceedings for the security of persons, and to receive like punishment.  Mr. Hamdan is being unlawfully detained for purposes of trial by military commission because he is a noncitizen—a citizen who committed the very same acts as Mr. Hamdan could not be detained under the Military Order and held for trial before a military commission.

## COUNT SEVEN

### CONSTITUTIONAL AND STATUTORY VIOLATION: INVESTING MILITARY COMMISSIONS WITH SUBJECT-MATTER JURISDICTION CONTRARY TO THE RECOGNIZED LAWS OF WAR

52.     Lieutenant Commander Swift re-alleges and incorporates by reference paragraphs 1 through 51 above.

53.     In the Military Order, the Respondent President Bush purports to derive his authority, in part, from provisions of the UCMJ that he claims authorize the use of military commissions in accordance with the laws of war.

54.     The jurisdiction of military commissions is strictly limited to (1) violations of the laws of war, or (2) other crimes occurring during or in the immediate aftermath of a

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

declared war while United States forces occupy, and hence must adequately police, territory

captured from the enemy.  As a plurality of the Supreme Court held in *Reid v. Covert*, 354

U.S. 1, 21 (1957),

> [t]he jurisdiction of military tribunals is a very limited and
> extraordinary jurisdiction derived from the cryptic language in Art. I,
> § 8 [granting Congress the power to "define and punish. . . Offences
> against the Law of Nations"], and, at most, was intended to be only a
> narrow exception to the normal and preferred method of trial in courts
> of law.  Every extension of military jurisdiction is an encroachment
> on the jurisdiction of the civil courts, and, more important, acts as a
> deprivation of the right to jury trial and of other treasured
> constitutional protections.

55.    In the present case, by identifying as individuals subject to its terms anyone

who "is or was a member of the organization known as al Qaida," the Military Order

unlawfully invests military commissions with jurisdiction far exceeding that recognized

under the customary laws of war and the UCMJ.

56.    Moreover, there is no indication that Mr. Hamdan has committed any offense

as to which a military commission might have jurisdiction to try him.  Thus, even if

Respondent President Bush is deemed to have been granted congressional authorization to

establish military commissions, he has unlawfully exceeded that authorization by expanding

the jurisdiction of the commissions beyond all legitimate bounds.  Such conduct violates

both the UCMJ and the Separation of Powers mandated by the U.S. Constitution.

## COUNT EIGHT

### THE APPOINTING AUTHORITY, AND ANY MILITARY COMMISSION THAT MAY BE ESTABLISHED, LACKS PERSONAL JURISDICTION OVER MR. HAMDAN

57.    Lieutenant Commander Swift re-alleges and incorporates by reference

paragraphs 1 through 56 above.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS  - 22
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

58.    Before a military commission can lawfully assert jurisdiction or detain

Mr. Hamdan, the Military Order requires Respondent President Bush to have reason to

believe that Mr. Hamdan:

     (i)   is or was a member of the organization known as al Qaida;

     (ii)   has engaged in, aided or abetted, or conspired to commit, acts of
international terrorism, or acts in preparation therefore, that have
caused, threaten to cause, or have as their aim to cause, injury to
or adverse effects on the United States, its citizens, national
security, foreign policy, or economy; or

     (iii)   has knowingly harbored one or more individuals described [in
the categories above].

Military Order at § 2(a)(1), Ex. B to the Swift Decl.

59.    Mr. Hamdan meets none of the criteria set forth in the Military Order to

identify individuals subject to its terms. Respondents have come forward with no evidence

to justify detention of Mr. Hamdan pursuant to the Military Order, and have adopted a

process and procedure whereby they never will be required to do so and, absent relief from

this Court, whereby Mr. Hamdan never can compel them to do so.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 23
[43439-0001/SL040950.008]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1.     Grant Petitioner Lieutenant Commander Charles Swift "next friend" status as next friend of Salim Ahmed Hamdan;

2.     Award the Writ of Mandamus or issue an Order directing the respondents to show cause why the writ should not be granted.

3.     If an Order to show cause is issued, to include as part of the Order a prompt schedule to receive briefing from the parties, including a Response from Respondents, and a Reply from Petitioner, on the issues raised in this Petition, followed by a hearing before this Court on any contested factual or legal issues, and production of the body of Mr. Hamdan as appropriate;

4.     After notice and hearing, determine that Mr. Hamdan has been denied a speedy trial; that his incarceration violates the Constitution, laws, treaties and regulations of the United States; that the Military Order is unconstitutional; and that Respondents have no jurisdiction over Mr. Hamdan.

5.     After notice and hearing, issue a Writ of Mandamus that directs Respondents to obey their clear, nondiscretionary duty to follow the Constitution, laws, regulations, and treaties of the United States, and therefore to release Mr. Hamdan from Camp Echo and from further solitary confinement;

6.     After notice and hearing, issue a Writ of Mandamus that orders Respondents not to use the Military Order of November 13, 2001 to detain or bring charges against Mr. Hamdan or anyone else in a Military Commission because that Order violates the U.S. Constitution, U.S. law, and U.S. treaty obligations, both facially and as applied to Mr. Hamdan, and is therefore ultra vires and illegal;

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS  - 24
[43439-0001/SL040950.008]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

7.     Order Respondents promptly to justify as lawful any continued detention of Mr. Hamdan;

8.     Enter an Order that the Court shall retain jurisdiction over this matter to permit Mr. Hamdan to respond to arguments advanced by Respondents on matters related to his continued detention;

9.     In the absence of adequate justification, order Mr. Hamdan's release; and

10.    Grant such other and further relief on behalf of Petitioner and against Respondents as this Court deems just and proper, including but not limited to, as an alternative to a Writ of Mandamus, a Writ of Habeas Corpus.

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 25
{43439-0001/SL040950.008}

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

DATED: April 6, 2004.

NEAL KATYAL

By _____

Neal Katyal, D.C. Bar #462071
600 New Jersey Avenue, NW
Washington, D.C. 20001
(202) 662-9000
Attorney for Petitioner
Pro Hac Vice Application Pending

LIEUTENANT COMMANDER
CHARLES SWIFT

By _____

Lieutenant Commander Charles Swift,
N.C. Bar #21084
Next Friend of Salim Ahmed Hamdan
Pro Hac Vice Application Pending

PERKINS COIE LLP

By _____

Harry H. Schneider, Jr., WSBA #9404
Joseph M. McMillan, WSBA #26527
David R. East, WSBA #31431
Charles C. Sipos, WSBA #32825
Attorneys for Petitioner

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## VERIFICATION

I, Lieutenant Commander Charles Swift, hereby declare under penalty of perjury that to the best of my knowledge and belief the matters set forth in the foregoing Petition for Writ of Mandamus, or, in the Alternative, Writ of Habeas Corpus, are true and correct.

_____
Lieutenant Commander Charles Swift
Next Friend of Salim Ahmed Hamdan

## VERIFICATION

I, Neal Katyal, hereby declare under penalty of perjury that to the best of my knowledge and belief the matters set forth in the foregoing Petition for a Writ of Mandamus, or, in the Alternative, a Writ of Habeas Corpus, are true and correct.

_____
Neal Katyal

PETITION FOR WRIT OF MANDAMUS PURSUANT
TO 28 U.S.C. § 1361 OR, IN THE ALTERNATIVE,
WRIT OF HABEAS CORPUS - 27
{43-39-0001/BL040950.003}

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000